# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BLOOMFIELD SURGICAL CENTER, *on assignment of ENA R.*, <br><br> Plaintiff, <br><br> v. <br><br> CIGNA HEALTH AND LIFE INSURANCE COMPANY, et al., <br><br> Defendants. | Civil Action No: 16-8645 (SDW) (LDW) <br><br> **OPINION** <br><br><br> May 25, 2017 |

**WIGENTON**, District Judge.

Before this Court are Defendants Cigna Health and Life Insurance Company ("Cigna") and Building Service 32BJ Health Fund's ("Health Fund") (collectively, "Defendants") Motions to Dismiss certain counts of Plaintiff Bloomfield Surgical Center's ("Bloomfield" or "Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons stated herein, the Motions to Dismiss are **GRANTED**.

# I. BACKGROUND AND PROCEDURAL HISTORY

On September 25, 2013, Plaintiff, a healthcare provider located in New Jersey, rendered medical services to Ena R. ("the Patient") while she was a participant in a health benefit plan ("Plan") provided or administered by Defendants. (Compl. ¶¶ 1 – 6.) Plaintiff alleges Defendants have failed to fully reimburse it for these services, resulting in an underpayment of $136,189.68. (*Id*. ¶¶ 8 – 12.) On September 25, 2013, Plaintiff obtained an assignment of benefits ("AOB") from the Patient in order to bring the instant action pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002, *et seq*. ("ERISA"). (*Id*. ¶ 7, Ex. B.) The AOB provides, in relevant part:

> I assign to Bloomfield Surgi-Center d.b.a. ACES all of my rights and benefits under any insurance contracts for payment for service rendered to me by Bloomfield Surgi-Center d.b.a. ACES. I authorize all information regarding my benefits under any insurance policy relating to any claim by Bloomfield Surgi-Center d.b.a. ACES to be released to Bloomfield Surgi-Center d.b.a. ACES. I authorize Bloomfield Surgi-Center d.b.a. ACES to file insurance claims on my behalf for services rendered to me. I direct that all such payments go directly to Bloomfield Surgi-Center d.b.a. ACES. I authorize Bloomfield Surgi-Center d.b.a. ACES to act in my behalf and report any suspected violations of proper claims practices to the proper regulatory authorities.
>
> I authorize Bloomfield Surgi-Center d.b.a. ACES to obtain counsel and enter legal or other action on my behalf and/or in my name, including the arbitration/dispute resolution process, to collect such sums due it should sums not be paid within the legally prescribed time frame. In the event that Bloomfield Surgi-Center d.b.a. ACES elect to bring a lawsuit of petition for arbitration /dispute resolution against the insurance carrier, I assign my rights title, and interest under the medical expense benefits and/or PIP section of any insurance policy under which I am entitled to proceed for benefits. This assignment shall allow an attorney of Bloomfield Surgi-Center d.b.a. ACES choosing to bring suit or submit to arbitration/dispute resolution their claim for any unpaid bills for services rendered for injuries that I sustained in this or any accident.

(*Id*.) Bloomfield filed a Complaint in the Superior Court of New Jersey, Essex County on October 11, 2016 alleging the following claims: (1) Breach of Contract; (2) Failure to Make all Payments Pursuant to Member's Plan Under 29 U.S.C. § 1132(a)(1)(B); (3) Failure to Establish a

Summary Plan Description in Accordance with 29 U.S.C. § 1022; (4) Breach of Fiduciary Duty and Co-Fiduciary Duty Under 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1), and 29 U.S.C. § 1105(a); and (5) Failure to Establish/Maintain Reasonable Claims Procedures under 29 C.F.R. 2560.503-1. On November 18, 2016, the action was removed to this Court, and both Defendants now seek to dismiss Counts One, Three, Four, and Five of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. **LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard).

## III. DISCUSSION

### a. Counts Three and Four[1]

Defendants argue that Counts Three and Four of Plaintiff's Complaint must be dismissed for lack of standing. ERISA's civil enforcement provision stipulates that actions be brought "by a participant or beneficiary." *See* 29 U.S.C. § 1132(a). "By its terms, standing under the statute is limited to participants and beneficiaries." *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004). However, the Third Circuit has instructed that "healthcare providers that are neither participants nor beneficiaries in their own right may obtain derivative standing by assignment from a plan participant or beneficiary." *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015). "In determining what claims a healthcare provider may bring under ERISA, courts look to the language of the assignment." *Ctr. for Orthopedics & Sports Med. v. Horizon*, 2015 WL 5770385, at *4 (D.N.J. Sept. 30, 2015).

Here, the portions of the AOB that assign the right to commence legal action include language limiting that assignment to recovering payment for services rendered to the Patient. (*See* Compl., Ex. B, ¶¶ 1, 2 (assigning "all of my rights and benefits under any insurance contracts *for payment for service rendered* to me" and right to "enter legal or other action on my behalf and/or in my name, including the arbitration/dispute resolution process, *to collect such sums due it* should sums not be paid within the legally prescribed time frame" or "bring suit or submit to arbitration/dispute resolution their *claim for any unpaid bills for services rendered* for injuries that I sustained in this or any accident") (emphasis added).)

---

[1] This Court will not address Count One of the Complaint, as Plaintiff has voluntarily dismissed it. (Pl.'s Br. at 1, 3.)

This limiting language specifically narrows the scope of the assignment of legal rights to the collection of benefits. *See N. Jersey Brain & Spine Ctr. v. Aetna*, 801 F.3d at 372 n.4 (noting that unless an AOB contains "limitless language," plaintiffs do not have derivative standing to assert "whatever rights the assignors possessed") (internal marks omitted); *Premier Health Ctr., P.C. v. UnitedHealth Grp.,* 292 F.R.D. 204, 218 (D.N.J. 2013) ("The notion that an assignment to a healthcare provider of the right to reimbursement for services rendered by that provider automatically gives the provider standing as a beneficiary to assert a full array of claims under the ERISA statute is a facile one."); *see also Wallach v. Eaton Corp.*, 837 F.3d 356, 368 (3d Cir. 2016) ("It is essential to an assignment of a right that the obligee manifest an intention to transfer the right to another person.") (quoting Restatement (Second) of Contracts § 324 (Am. Law Inst. 1981) (internal marks omitted). Counts Three and Count Four, which assert claims for Failure to Establish a Summary Plan Description and Breach of Fiduciary Duty, respectively, do not fall within the narrow scope of the assigned rights set forth in the AOB and thus they will be dismissed.[2]

---

[2] Some courts in this District have allowed such claims to withstand a motion to dismiss. *See, e.g.*, *Zapiach v. Horizon Blue Cross Blue Shield of New Jersey*, 2016 WL 796891, at *4 (D.N.J. Feb. 29, 2016) ("Whether [the AOB language] is…a general transfer of rights under the plan is problematic. It cannot, however, be settled on a motion to dismiss, but must await factual development.") This Court notes, however, that the AOBs in those cases contained broader language than the AOB does here. *See id*. at 3 (assigning rights "including but not limited to all of my rights under "ERISA" applicable to the medical services at issue" and authorizing provider to act "in regard to my general health insurance coverage"); *see also High Crest Functional Med., LLC v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, 2017 WL 1202654, at *4 (D.N.J. Mar. 30, 2017) (assigning the right to pursue "any applicable remedies, including but [] not limited to (1) obtaining information about the claim to the same extent as the assignor...and (5) any administrative and judicial actions by such providers to pursue such claim, chose in action or right against any liable party of employee group health plan in my name with derivative standing...") (internal marks omitted); *Rahul Shah, M.D. v. Horizon Blue Cross Blue Shield*, 2016 WL 4499551, at *1 (D.N.J. Aug. 25, 2016) (authorizing provider to act "in regard to my general health insurance coverage").

### b. Count Five

Defendants seek dismissal of Count Five of the Complaint because they contend that 29 C.F.R. 2560.503-1 does not provide a private right of action.[3] The Third Circuit has indicated that the statutory provision to which 29 C.F.R. 2560.503-1 applies "sets forth only the disclosure obligations of 'the Plan' and…does not establish that those obligations are enforceable through the sanctions" of ERISA's civil enforcement provision. *Syed v. Hercules Inc.*, 214 F.3d 155, 162 (3d Cir. 2000) (citing *Groves v. Modified Retirement Plan*, 803 F.2d 109, 118 (3d Cir.1986)); *see also Ashenbaugh v. Crucible Inc., 1975 Salaried Ret. Plan*, 854 F.2d 1516, 1532 (3d Cir. 1988) (noting "the general principle that an employer's or plan's failure to comply with ERISA's procedural requirements does not entitle a claimant to a substantive remedy"). Rather than serve as a basis for an independent cause of action, noncompliance with these disclosure obligations is probative of whether a denial of benefits was arbitrary and capricious. *See Morningred v. Delta Family-Care & Survivorship Plan*, 526 F. App'x 217, 220 (3d Cir. 2013) (citing *Miller v. American Airlines, Inc.*, 632 F.3d 837, 852 (3d Cir.2011)). Courts in the District of New Jersey have also explicitly found that 29 C.F.R. § 2560.503-1 does not create a private cause of action. *See Rahul Shah, M.D. v. Horizon Blue Cross Blue Shield*, 2016 WL 4499551, at *12 (D.N.J. Aug. 25, 2016) ("The Court…holds that 29 C.F.R. § 2560.503-1 does not give rise to a private right of action."); *Drzala v. Horizon Blue Cross Blue Shield*, 2016 WL 2932545, at *6 (D.N.J. May 18, 2016). This Court agrees that 29 C.F.R. 2560.503-1 does not create a private right of action, and thus Count Five of the Complaint is dismissed.

---

[3] Promulgated pursuant to 29 U.S.C. § 1133 and §1135, 29 C.F.R. § 2560.503–1 sets forth minimum requirements for employee benefit plan procedures pertaining to claims for benefits by participants and beneficiaries.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss are **GRANTED** and Counts One, Three, Four, and Five of Plaintiff's Complaint are dismissed. An appropriate Order follows.

                                        /s/ Susan D. Wigenton

                                        SUSAN D. WIGENTON, U.S.D.J

Orig:        Clerk
cc:          Leda Dunn Wettre, U.S.M.J.
               Parties